IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROZELL JOHNSON,

      Petitioner,

v.                                                        Civil Action No. 3:07CV132
                                                                 Criminal No. 3:04CR40-01
                                                                  (CHIEF JUDGE BAILEY)

UNITED STATES OF AMERICA,

      Respondent.

**REPORT AND RECOMMENDATION THAT § 2255 MOTION BE GRANTED ON GROUND C ONLY AND THAT PETITIONER BE RESENTENCED**

**I. INTRODUCTION**

On October 3, 2007, *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.[1] The Government filed its response on August 8, 2008.[2] Petitioner filed a reply to the Government's response on September 5, 2008.[3]

**II. FACTS**

**A. Conviction and Sentence**

Petitioner did not sign a plea agreement. However, on November 8, 2004, petitioner pleaded guilty to Counts 1, 2 and 3 of the Superceding Indictment charging Defendant with conspiracy to possess with intent to distribute and to distribute in excess of 50 grams of cocaine base; possession with intent to distribute approximately 108 grams of cocaine base; and possession with intent to distribute approximately 129 grams of cocaine hydrochloride in violation of title 21 U.S.C. § 846

---

[1] Doc. No. 166.

[2] Doc. No. 197.

[3] Doc. No. 205.

and § 841 (b)(1)A Title 21 U.S.C. § 841 (a)(1) and 841 (b)(1)(A) and Title 18 U.S.C. § 2, Title 21 U.S.C. § 841(a)(1) and 841 (b)(1)(c) and Title 18 U.S.C. 2, respectively.

On November 8, 2004, the petitioner entered his plea in open court. Petitioner was 33 years old and completed tenth grade. (Plea transcript p. 13). The Court then reviewed all the rights petitioner was giving up by pleading guilty. (Id. at 22-25). During the plea hearing, the Government presented the testimony of Steve Harris to establish a factual basis for the plea. (Id. at 27-33). The petitioner did not contest the factual basis of the plea. Petitioner's counsel expressly stated he disputed "relevant conduct" and would contest the same. (Id. at 25). However, this challenge to relevant conduct only included relevant conduct <u>NOT</u> set forth in Counts 1, 2, and 3. (Id at 27).

After the Government presented the factual basis of the plea, the petitioner advised the Court that he was guilty of Counts 1, 2, and 3 of the indictment. (Id. at 34). The petitioner further stated under oath that no one had attempted to force him to plead guilty, and that he was pleading guilty of his own free will. (Id.). In addition, he testified that the plea was not the result of any promises other than those contained in the plea agreement. (Id.) The petitioner testified that his attorney had adequately represented him, and that his attorney had left nothing undone. (Id. at 35). Finally, petitioner said he was in fact guilty of the crime to which he was pleading guilty. (Id.).

At the conclusion of the hearing, the Court determined that the plea was made freely and voluntarily, that the petitioner understood the consequences of pleading guilty. (Id.) The petitioner did not object to the Court's finding.

On June 22, 2005, the petitioner appeared before the Court for sentencing. After considering several factors, including the circumstances of both crime and the defendant and the sentencing objectives of punishment, the Court sentenced the petitioner to a term of 292 months imprisonment

on Counts 1 and 2 and 240 months on Count 3, all terms to be served concurrently.

Both Petitioner and co-defendant Brooks pleaded guilty to counts one, two and three of the superceding indictment without a plea agreement. Both petitioner and co-defendant Brooks challenged the probation officer's recommendation as to relevant conduct at sentencing. Petitioner was sentenced by the Honorable W. Craig Broadwater. Co-defendant Brooks was sentenced by the Honorable David A. Faber. The same government witness testified at both sentencings to establish relevant conduct. Judge Broadwater found the government proved the relevant conduct in the pre-sentence report by a preponderance of the evidence and sentenced Petitioner based upon the relevant conduct in the pre-sentence report. Judge Faber found the government did not prove the relevant conduct by a preponderance of the evidence and sentenced co-defendant Brooks based upon the specific amounts of narcotics in counts one, two and three.

Petitioner had a criminal history category of III. Co-defendant Brooks had a criminal history category of IV.

Judge Broadwater, based upon his findings of relevant conduct, sentenced Petitioner to 292 months imprisonment on counts one and two and 240 months on count three with the sentences to run concurrently.

Judge Faber, based upon his findings of relevant conduct, sentenced co-defendant Brooks to 262 months imprisonment on counts one and two and 240 months on count three with the sentences to run concurrently.

For the same offenses of conviction, based upon the testimony of the same person, Petitioner, who had a lower criminal history category than co-defendant Brooks, was sentenced to two and one-half years imprisonment more than co-defendant Brooks.

3

**B.    Appeal**

Petitioner appealed his conviction. The Fourth Circuit of Appeals denied his appeal August 30, 2006 holding Defendant was not entitled to a downward departure for acceptance of responsibility and any error applying an upward adjustment for reckless endangerment during flight was harmless.

**C.    Federal Habeas Corpus**

Petitioner contends:

1) counsel was ineffective for failing to argue mitigating factors at sentencing;

2) the Court abused its discretion in applying the reckless flight enhancement;

3) the Court erred in accepting unreliable and inaccurate information from Donald Curry to establish relevant conduct;

4) counsel was ineffective for failing to challenge the type of substance used for sentencing purposes and not requiring the Government to prove cocaine base by a preponderance of the evidence;

5) the Court violated petitioner's Sixth Amendment right to confront the witness as to the reckless flight enhancement.

The Government responded:

1) Counsel did argue some mitigating factors and Strickland does not require every conceivable mitigating circumstance be investigated and argued. Defendant was not a minor participant and failure to anticipate a new rule of law is not ineffective assistance;

2) The reckless flight enhancement was raised on direct appeal and is therefore foreclosed;

4

3) Determinations of credibility at sentencing are for the Court and Defendant did not meet his affirmative duty to prove the information at sentencing was unreliable;

4) Defendant pleaded guilty to Counts 1 and 2 which both involved cocaine base. Therefore his counsel was not ineffective for challenging that substance at sentencing;

5) The rule in <u>Crawford v. Washington</u>, 541 U.S. 36 (2004) does not apply at sentencing.

Petitioner replied:

1) Counsel was ineffective for not properly assuring the correct calculation of the USSG range for the advisory guidelines because counsel failed to argue that the 100 to 1 ratio in sentencing disparity between cocaine base and cocaine hydrochloride was a proper basis for deviating from the guideline range;

2) Although the sentence imposed was within the proposed reduced range, it should not have controlled. Petitioner's motion for re-sentencing under the crack cocaine amendment to the USSG is pending and now the enhancement, or absence of would be a greater decrease in Petitioner's reduced range;

3) The Court erred in accepting unreliable and inaccurate information from Donald Curry to establish relevant conduct. Once the attack on the evidence (testimony) is made, and it is shown to be inconsistent and unreliable, the Government must then be made to carry its burden and offer some sort of evidence to buttress its case;

4) Counsel should have required the Government to submit to him proof of the type of drug and quantity as part of the discovery obligations on the parties;

5) Counsel should have raised the objection and preserved it for appeal.

**D.      Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's § 2255 motion be **GRANTED** as to Ground C only and that he be re-sentenced to the same sentence as his co-defendant.

### III.  ANALYSIS

**A.      Counsel Was Ineffective For Failing to Argue Mitigating Factors at Sentencing**

The specific claims are that defense counsel did not argue petitioner had a minor role in the offenses compared to his co-defendant and that the 100 to 1 ratio in sentencing disparity between cocaine base and cocaine hydrochloride is uncalled for and in need of correction.  Petitioner argues that while no Appeals Court has held that the 100 to 1 ratio in sentencing disparity between cocaine base and cocaine hydrochloride was a proper basis for deviating from the guideline range, the argument was still available for his attorney and it should have been made.

Counsel's conduct is measured under the two part analysis in Strickland v. Washington, 466 U.S. 668 (1984):

First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

In order to demonstrate prejudice, the defendant must show that but for his attorney's errors, the result of the proceeding would have been different.  Id.  Error by counsel which falls short of the

constitutional ineffectiveness standard does not constitute cause, notwithstanding that the error may arise from inadvertence, ignorance or strategic choice. Murray v. Carrier, 477 U.S. 478 (1986); Griffin v. Aiken, 775 F. 2d 1226 (4th Cir. 1985) *cert. denied*, 478 U.S. 1007 (1986).

Further, in evaluating a post guilty plea of ineffective assistance of counsel, statement made under oath affirming satisfaction with counsel are binding, absent clear and convincing evidence to the contrary. See Blackledge v. Allison, 431 U.S. 63, 75-76 (1977). A defendant who alleges ineffective assistance of counsel following a guilty plea has an even higher burden: "he must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1998), *cert. denied*, 488 U.S. 843 (1988).

Petitioner argues his counsel was ineffective because he failed to argue mitigating factors at sentencing and for failing to challenge the crack-cocaine designation of the drugs for conviction. Petitioner's claims relate to counsel's conduct after the guilty plea, and are therefore not barred by his waiver. As previously noted, in order to prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his counsel's performance was deficient and that the deficient performance prejudiced the defense. Here, the petitioner has failed to demonstrate that counsel's representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687-91. Accordingly, he has failed to show how counsel's performance was deficient, and therefore, he cannot show how his defense was prejudiced. Finally, the petitioner has made no allegation that but for the alleged deficiencies of his counsel, he would not have pleaded guilty and would have insisted on going to trial. Thus, the petitioner's claim of ineffective assistance of counsel is without merit.

**B.** **The Court Abused Its Discretion in Applying the Reckless Flight Enhancement**

This issue was raised on direct appeal. The Fourth Circuit found, without deciding the issue, that even if the District Court might have erred in applying the two level upward adjustment for reckless flight, it amounted to nothing more than harmless error. U.S. v. Johnson, 196 Fed. Appx. 211, 2006 WL 2506069 (4th Cir.). Once an issue has been raised on direct appeal, it cannot be raised in a collateral attack. Boeckenhaupt v. U.S., 537 F.2d 1182 (4th Cir. 1976). In accordance with Boeckenhaupt, the Court need not rule on this issue.

**C.     The Court Erred in Accepting Unreliable and Inaccurate Information from Donald Curry to Establish Relevant Conduct**

18 U.S.C. § 3552 is titled "Imposition of Sentence." Subsection (a) is titled "Factors to be Considered in Imposing Sentence." "The Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The Court, in determining the particular sentence to be imposed, shall consider-...(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

The criminal history category of co-defendant Brooks was IV. The criminal history category of petitioner was III. Co-defendant Brooks had a higher criminal history category than Petitioner, yet received a lower sentence for exactly the same criminal conduct.

The 7th Circuit has held that 18 U.S.C. § 3553(a)(6) prohibits "...'*unwarranted*' sentence disparities, not all sentence differences." United States v. Boscarino, 437 F.3d 634, 638 (7th Cir. 2006). It went on to hold that the section is concerned with unjustified differences among judges and districts, not among defendants in a single case. Id. In Boscarino, the co-defendant receiving the lesser sentence pleaded guilty and testified against Boscarino. There was a basis for disparate sentences. In this case, both Petitioner and co-defendant pleaded guilty to the same charges and

8

Petitioner had a lesser criminal history category.

There are many District Court cases deciding the meaning of 18 U.S.C. § 3553(a)(6). However, the only logical conclusion to me is that Petitioner, who was probably somewhat less culpable than his co-defendant, and had a lesser criminal history category than his co-defendant, should not receive a sentence two and one-half years longer than his co-defendant. And since his co-defendant's sentence cannot be increased, Petitioner's sentence should be decreased to equal the sentence of his co-defendant as mandated by Congress in 18 U.S.C. § 3553(a)(6).

**D.     Counsel Was Ineffective For Failing to Challenge the Type of Drug**

Petitioner claims that, to be an effective advocate and to be able to properly give advice about whether or not to go to trial or plead guilty to his client, counsel should have required the Government to submit to him proof of the drug type and quantity as part of the discovery obligations of the parties.

As previously noted, in order to prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his counsel's performance was deficient and that the deficient performance prejudiced the defense. Here, the petitioner has failed to demonstrate that counsel's representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687-91. Accordingly, he has failed to show how counsel's performance was deficient, and therefore, he cannot show how his defense was prejudiced. Finally, the petitioner has made no allegation that but for the alleged deficiencies of his counsel, he would not have pleaded guilty and would have insisted on going to trial. Thus, the petitioner's claim of ineffective assistance of counsel is without merit.

In addition, by pleading guilty to Counts One and Two, he admitted the substance was cocaine base. There was no basis to challenge the substance.

9

### E. The Court Violated Petitioner's 6th Amendment Right to Cross Examine a Witness

Lieutenant Steve Harris testified at Petitioner's sentencing hearing. Petitioner claims that Lieutenant Harris' testimony was based on facts which were reported to him by another officer and are therefore hearsay. Petitioner relies on Crawford for his assertion that the Court violated his 6th Amendment right to cross examine a witness. Petitioner's argument is without merit, however, because the rule in Crawford does not apply to sentencing hearings.

In Crawford, the Supreme Court held that the Confrontation Clause prohibits the admission *at trial* of testimonial statements that are not subject to cross-examination. Crawford at 541 U.S. at 50-51 (*emphasis added*). While the Supreme Court failed to specifically rule on the issue of whether the Confrontation Clause prohibits the admission of testimonial statements that are not subject to cross-examination at sentencing, numerous Circuits are in agreement that Crawford does not apply to sentencing. See United States v. Katzopoulos, 437 F.3d 569, 576 (6th Cir. 2006)("Though the cases may be a broad signal of the future, there is nothing specific in Blakely, Booker or Crawford that would cause this Court to reverse its long-settled rule of law that [the] Confrontation Clause permits the admission of testimonial hearsay evidence at sentencing proceedings."); United States v. Chau, 426 F.3d 1318, 1323 (11th Cir. 2005)(same); United States v. Martinez, 413 F.3d 239, 243 (2nd Cir. 2005)(same); United States v. Luciano, 414 F.3d 174, 179 (1st Cir. 2005)(same); United States v. Robinson, 482 F.3d 244 (3rd Cir. 2007); United States v. Morgan, 505 F.3d 332 (5th Cir. 2007); United States v. Brown, 430 F.3d 942 (8th Cir. 2005); United States v. Littlesun, 444 F.3d 1196 (9th Cir. 2006); United States v. Bustamante, 454 F.3d 1200 (10th Cir. 2006); United States v. Bras, 483 F.3d 103 (D.C. Cir. 2007).

Furthermore, 18 U.S.C. § 3661 states that: "No limitation shall be placed on the information

concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence. Therefore, it was not a violation of Petitioner's 6th Amendment rights for the Court to consider Lieutenant Harris' testimony and Petitioner's claim is without merit.

### F.     Issues Raised in Petitioner's Reply

All of the issues raised in the Reply are barred by the one year Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limitation. AEDPA establishes a one-year limitations period within which a petitioner must file any federal habeas corpus motion. See 28 U.S.C. § 2255. A motion filed under 28 U.S.C. § 2255 must be filed within one year of the date on which the judgment of conviction became final unless an exception applies. See id. Petitioner's conviction became final on August 30, 2006 the date the Fourth Circuit Court of Appeals issued its mandate with respect to petitioner's direct appeal since he did not petition the United States Supreme Court for a writ of certiorari. See United States v. Torres, 211 F.3d 836 (4th Cir. 2000). According to Torres, Petitioner's motion was due on August 30, 2007 Petitioner filed his Reply on September 5, 2008, beyond the one-year period of limitation. Therefore, all new issues raised in the Reply are barred. The Court has addressed the remaining issues concerning the testimony of the confidential informant at Sentencing.

### IV.  RECOMMENDATION

Based upon a review of the record, the undersigned recommends that the petitioner's § 2255 motion be **GRANTED** as to Ground C only and that he be re-sentenced to the same sentence as his co-defendant.

Within ten (10) days after being served with a copy of this Report and Recommendation, any

11

party may file with the Clerk of Court written objections identifying those portions of the Recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, Chief Judge, United States District Court. Failure to timely file objections to this Recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to transmit a copy of this Report and Recommendation to the *pro se* plaintiff and counsel of record, as applicable.

**DATED**: November 21, 2008

/s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE